

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 16, 2023

**BY ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: **United States v. Whitehead**, 22 Cr. 692 (LGS)

Dear Judge Schofield:

  The Government respectfully submits this letter in opposition to the defendant Lamor Whitehead's second set of pretrial motions ("Def Mot.," Dkt. No. 83). Whitehead seeks to suppress the fruits of various warrants issued in this case. For the reasons set forth below and in the Government's previously filed opposition (Dkt. No. 73), these motions should be denied.

### I. The Defendant's Challenge to the October 6, 2022 Warrant Lacks Merit

  On June 7, 2022, the Government obtained a warrant to seize iPhones from Whitehead's person and to search those iPhones for evidence of the conduct that ultimately led to the charges in Counts Two and Three of the Superseding Indictment. (Exhibit D to the Government's previously filed motions). One iPhone was seized from Whitehead's person pursuant to this warrant.

  On June 27, 2022, the Government obtained a warrant to seize a particular iPhone from Whitehead's residence and to search that iPhone for evidence of the conduct that ultimately led to the charges in Counts Two, Three and Four of the Superseding Indictment. (Exhibit G). One iPhone was seized from Whitehead's residence pursuant to this warrant.

  On September 21, 2022, the Government obtained a warrant to search the two previously seized Whitehead phones for evidence of the fraud that ultimately led to the charges in Count One of the Indictment. (Exhibit C).

  On October 6, 2022, the Government obtained a warrant to search the two previously seized Whitehead phones for evidence of a scheme by Whitehead to defraud the New York City

Campaign Finance Board and steal funds from the City in connection with Whitehead's 2021 candidacy for Brooklyn Borough President. (Exhibit J)[1].

Whitehead has previously challenged the June 7, 2022, June 27, 2022, and September 21, 2022 warrants, and the Government has responded to those arguments. Whitehead now appears to challenge the October 6, 2022 warrant but does so principally by attacking the probable cause for the September 21, 2022 warrant. (Def. Mot. 4-13; *see id.* at 4 ("Likewise we move to controvert [the September 21, 2022 warrant] . . . . [That warrant] contains near identical language to the [October 6, 2022 warrant].")). Both warrants were amply supported by probable cause.

As outlined in the Government's prior motion opposition (Dkt. No. 73 at 12-14), review of a warrant "must accord considerable deference to the probable cause determination of the issuing magistrate." *United States v. Clark*, 638 F.3d 89, 93 (2d Cir. 2011) (quotation marks omitted); *see United States v. Jones*, 43 F.4th 94, 109 (2d Cir. 2022) (similar). "Such deference derives not only from the law's recognition that probable cause is a fluid concept that can vary with the facts of each case, but also from its strong preference for searches conducted pursuant to a warrant, and its related concern that a grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." *Clark*, 638 F.3d 89, 93 (2d Cir. 211) (alterations, citations and internal quotation marks omitted). Accordingly, the question for the reviewing court is whether the "totality of the circumstances afforded the magistrate a substantial basis for making the requisite probable cause determination." *Id.* (internal quotation marks omitted); *see United States v. Boles*, 914 F.3d 95, 102 (2d Cir. 2019) (explaining that the inquiry is limited to whether the "officer had a 'substantial basis' for his determination"). And even where a reviewing court determines that a warrant issued without probable cause, suppression is not an appropriate remedy if the officer's reliance on the warrant was in good faith. *Boles*, 914 F.3d at 103.

The October 6, 2022 warrant was supported by ample probable cause. The affidavit in support of the October 6, 2022 warrant seeks authorization to search Whitehead's devices for evidence of a scheme by Whitehead to defraud the New York City Campaign Finance Board and steal funds from the City in connection with Whitehead's 2021 candidacy for Brooklyn Borough President by falsely reporting to the City that he had received donations from a number of individuals and thereby obtaining city matching funds, when in truth Whitehead had funded the donations himself. (Exh. J, USAO_00014703-05). The affidavit describes witness statements outlining the scheme, as well as digital evidence corroborating those statements. (*Id.*) The affidavit further explains that this scheme was perpetrated using electronic messages of the kind already found on Whitehead's phones pursuant to previously issued warrants and that such messages were sent or received during the time period that Whitehead was using those phones. (*Id.* at USAO_00014705). To the extent Whitehead complains that the affiant supported his articulation of probable cause by saying that, in his training and experience, people use smartphones like the devices to conduct financial transactions and to communicate about those transactions (Def. Mot. 12-13), that complaint falls flat. As already explained, the warrant was supported by evidence of electronic communications actually sent and received by Whitehead in

---

[1] The Government respectfully submits Exhibits J and K under seal to protect the identity and privacy of Victim-1, Victim-2, and other third parties named in the affidavit.

connection with the straw donor scheme, and not only based on the affiant's training and experience. Even if that were not the case, the affiant is a Special Agent with the Federal Bureau of Investigation who is familiar with ways smart phones and electronic communications are used to further a crime (Exh. J, USAO_00014699), and "[a]n agent's expert opinion is an important factor to be considered by the judge reviewing a warrant application." *United States v. Disla Ramos*, No. 22 Cr. 431 (LJL), 2022 WL 17830637, at *12 (S.D.N.Y. Dec. 21, 2022) (internal quotation marks omitted); *see United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 306 (S.D.N.Y. 2018) ("[T]he affidavits for a search of a device or account do not have to provide specific evidence that every category of evidence sought will be present in that device or account, but can rely on the affiants' training, experience, and the totality of the circumstances . . . ."). There is no reasonable argument that the forgoing failed to establish probable cause; indeed, Whitehead does not appear to argue as much. Instead, Whitehead attacks the October 6, 2022 warrant on the basis of its reference to the September 21, 2022 warrant (also referred to as the "Anderson Fraud Warrant"). For the reasons detailed below, Whitehead's attacks on the September 21, 2022 warrant are meritless. But more to the point, even if there were some deficiency in the September 21, 2022 warrant (there is not), that warrant was discussed in the October 6, 2022 warrant as background, and those deficiencies would not impact the probable cause determination for the October 6, 2022 warrant.

Whitehead challenges the September 21, 2022 warrant in three ways, each without merit. First, he argues that the affidavit lacks probable cause because it described the scheme to defraud Victim-1 by summarizing the civil complaint filed by Vicitm-1, but not incorporating that complaint by reference. According to Whitehead, this means that the magistrate judge was not asked "to use the *allegations* in the civil complaint in making their finding of probable cause, but the *existence* of the civil complaint." (Def. Mot. at 6). Not so. The affiant provided a summary, "in sum and substance," of the allegations in the complaint, on which the magistrate judge was asked to rely. (Exh. C, USAO_00014639). Specifically, the affidavit explains that the Complaint alleges that "Whitehead induced [Victim-1] to part with $90,000 based on a promise that Whitehead would use that money to finance a real estate purchase but that he later took the position that he did not have to repay her, and used the money instead to fund a luxury home purchase of his own." (*Id.*). That is a description of a fraud, and corroborates Whitehead's intent in committing the straw donor scheme described in the affidavit. To the extent Whitehead complains because the elements of the offenses in the civil complaint differ from the elements of criminal wire fraud, that is immaterial—it is the factual content that matters.

Whitehead's only specific complaint is that the warrant does not identify an interstate wire (Def. Mot. at 7), but he misses the mark in two respects. First, the warrant *does* describe electronic communications that support a probable cause finding that Whitehead used an interstate wire. (Exh. C, USAO_00014640-41). Second, all that is required for probable cause is that a "fair probability that contraband or evidence of a crime will be found in a particular place." *Jones*, 43 F.4th at 109. The standard does not require a showing of probable cause as to each individual element of each offense described in the warrant.

Second, Whitehead argues that the affidavit erred by including his prior convictions in the warrant affidavit, as well as evidence of the fraud related to Victim-2. (Def. Mot. at 7-9). But it is well settled that "[p]rior convictions are a relevant consideration in determining probable cause."

*United States v. Wagner*, 989 F.2d 69, 73 (2d Cir. 1993). As the court in *United States v. Wagers*, 452 F.3d 534 (6th Cir. 2006)—one of the cases Whitehead relies on (Def. Mot. at 8)—explained, "[t]he application of the [probable cause] test is not fettered by the presumption of innocence embodied in the test for conviction. Instead, a 'person of reasonable caution' would take into account predilections revealed by past crimes or convictions as part of the inquiry into probable cause." *Id.* at 541. Whitehead's prior convictions for identity theft, fraud, and stealing property, along with his attempt to defraud Victim-2, are relevant considerations in determining probable cause to believe that he defrauded Victim-1 and her son (the September 21, 2022 warrant) and stole identities to fraudulently report campaign contributions in order to take money to which he was not entitled (the October 6, 2022 warrant). No tighter fit is required. And in any event, the warrant affidavits underlying both warrants amply demonstrated probable cause even without these convictions.

Third, Whitehead says that footnote 2 of the September 21, 2022 and October 6, 2022 warrants "illuminate[] the myriad issues with the investigations and the warrants in this case." (Def. Mot. at 9). That footnote discloses that the affiant reviewed Whitehead's two phones for evidence of the Victim-1 fraud based on the June 7 and 27, 2022 warrants. (Exh. C, USAO_00014639). Those warrants, in turn, authorized search of the devices for any "[e]vidence concerning real estate investments or transactions, whether or not completed," and "[e]vidence concerning the finances of Lamor Whitehead or of any entity that Whitehead owns, manages, operates, or has invested in." (Exh. C, USAO_00014639). Whitehead's scheme to defraud Victim-1 concerned a promise of a real estate investment, and his theft of the money, thereby falling within each of these categories. "Out of an abundance of caution," however, the affiant stopped his review while a different agent obtained a warrant to search the devices for evidence of the Victim-1 fraud, without reliance on any materials found on the phone, to ensure that the search of the phone was "squarely authorize[d]." ( Exh. C, USAO_00014639 n.2 ("I am not aware of the substance or fruits of Agent-1's review of the Subject Devices . . . .")). And when law enforcement wanted to search the same devices for evidence of the straw donor scheme, they sought an additional warrant, Exhibit J. Whitehead should not find these events "incredibly troubling"; they are an example of agents taking great care to ensure that they did not exceed the bounds of a warrant. (Def. Mot. at 9). And in any event, the search of Whitehead's phones was both authorized by the initial warrants, and squarely authorized by subsequent warrants untainted by any information that might possibly have been unlawfully obtained. *See, e.g.*, *Wong Sun v. United States*, 371 U.S. 471, 487 (1963) (explaining that, to extend the fruit-of-the-poisonous-tree doctrine, the question is "whether, granting establishment of the primary illegality, the evidence to which the instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint").[2]

Even if there were an inadequacy in the September 21, 2022 and October 6, 2022 warrants—and there is not—the agent reasonably relied on those warrants in good faith. Whitehead only challenges that point by arguing that the officers exceeded their authority under the October 6, 2022 warrant, pointing to a portion of the warrant that relied on evidence from the devices showing that they contain communications dating back to at least January 2020. (Def.

---

[2] Whitehead repeats this argument with regard to Exhibit D, the search warrant for Whitehead's person, but these footnotes do not appear in that warrant. (Def. Mot. at 21).

Mot. at 12). By this point, however, multiple judges had signed multiple warrants to search those devices, so there was no reason for the agent to have any concern about whether law enforcement properly obtained evidence the material on the devices.

## II. The Remaining Warrants Are Also Supported by Probable Cause

The remainder of Whitehead's motion largely repeats his challenges to eight other warrants and the government's confidential source ("CS-1"), to which the Government has already responded. (Dkt. No. 73 at 14-23). It appears, however, that Whitehead has included two new arguments, each of which falls short.[3]

*First*, Whitehead argues that the cell-site location warrant in Exhibit B lacks probable cause because—he argues—the only evidence that Whitehead's statements were false was the testimony of CS-1, on which the warrant does not rely. In Whitehead's view, "[w]ere the statements to have been not fraudulent it would not be a crime." (Def. Mot. at 15). It is not clear precisely what Whitehead is referring to, but Exhibit B is a warrant for location information for Whitehead's second phone following his false statements to law enforcement about its location, which gave rise to Count Four of the indictment. The only description in the warrant of CS-1's interactions with Whitehead is a paragraph that simply provides background and context.

*Second*, Whitehead challenges the application of the good-faith exception because, in his telling, Victim-2 "was attempting to, or at least spoke about, starting a fraudulent LLC, and had to be instructed not to." (Def. Mot. at 15, 18). As stated in the FBI report to which Whitehead cites, and which is attached as Exhibit K, "in a prior conversation, [Victim-2] suggested starting a LLC in order to keep Lamor WHITEHEAD interested in doing business with him." This was not some separate fraudulent scheme by Vicitm-2, but an idea to continue obtaining evidence from Whitehead, which the FBI rejected. It certainly has no bearing on the good-faith exception.

Whitehead's many challenges to the warrants cannot escape a simple fact: there was ample evidence to support the many probable cause findings that Whitehead engaged in multiple criminal frauds. The many magistrate judges who reviewed those warrants all agreed, and the agents relied on those determinations in good faith.

---

[3] To the extent Whitehead has now submitted affidavits asserting a reasonable expectation of privacy in certain devices and his home, the Government withdraws any argument that he lacks standing to challenge those warrants.

### III. Conclusion

For the reasons set forth above, Whitehead's motions should be denied.

                Respectfully submitted,

                DAMIAN WILLIAMS
                United States Attorney

By:     /s/
       Hagan Scotten
       Celia Cohen
       Andrew Rohrbach
       Assistant United States Attorneys
       Tel.: (212) 637-2410 / 2466 / 2345