

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 13, 2024

**BY ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>United States v. Whitehead</u>, S1 22 Cr. 692 (LGS)

Dear Judge Schofield:

    The Government respectfully submits this letter to identify and correct an error in an earlier filing related to defendant Lamor Whitehead's recent discovery motion. (Dkt. 106). The undersigned learned the below information today. Although the Government does not believe that the below information alters the Court's analysis and decision on the defendant's motion (Dkt. 118), the Government is promptly disclosing this information to correct an inadvertent omission in its prior filing.

    The defendant moved for discovery under Federal Rule of Criminal Procedure 16 of materials gathered by the U.S. Attorney's Office for the Eastern District of New York ("EDNY") in relation to EDNY's prosecution of a victim in this case ("Victim-2"). (Dkt. 106). The Government's letter opposing the defendant's motion stated that EDNY's case against Victim-2 was investigated and prosecuted by an "EDNY Prosecution Team" consisting of prosecutors and agents who were not involved in the Government's investigation of the defendant, and that the members of the "SDNY Prosecution Team" handling this case against the defendant were not involved in the EDNY case against Victim-2. (Dkt. 108 at 2). Yesterday, the Court denied the defendant's motion. (Dkt. 118).

    After the Court denied the motion, the undersigned (*i.e.*, the prosecutors on the Southern District of New York ("SDNY") Prosecution Team) learned that the description of the facts in the Government's letter opposing the motion was incomplete. By way of background: the investigation of Victim-2 resulting in the EDNY prosecution was and is being handled by a squad within the Federal Bureau of Investigation ("FBI") located at the FBI's Rye Resident Agency (the "Rye Squad"). The Rye Squad was not and is not involved in the investigation that led to the charges against the defendant, and has not worked with the SDNY Prosecution Team on this case. The SDNY Prosecution Team consists of Assistant United States Attorneys ("AUSAs") assigned to the Public Corruption Unit within SDNY's Manhattan office, and FBI agents assigned to the FBI's New York Field Office in Manhattan.

After the Court issued its decision, the undersigned AUSAs learned that when the Rye Squad began investigating Victim-2 in or about 2020, they initially worked with two members of SDNY's White Plains Division—neither of whom have ever had any involvement in the investigation and prosecution of the defendant in this case, and neither of whom are members of the SDNY Prosecution Team in this case—to take preliminary investigative steps. Specifically, in or about August 2020, the Rye Squad requested subpoenas from a supervisor in SDNY's White Plains Division to assist in an investigation of Victim-2. In response, between in or about August and October 2020, the supervisor in the White Plains Division issued approximately a dozen grand jury subpoenas seeking documents, returnable to the Rye Squad's agents, to assist with the Rye Squad's investigation. That supervisor in White Plains was therefore involved in a preliminary portion of the investigation of Victim-2. In or about October 2020, the supervisor assigned another AUSA in the White Plains Division to assist with the Rye Squad's investigation. Before that AUSA did any meaningful work, issued any subpoenas, or sought any other legal process to assist the Rye Squad's investigation, the Rye Squad learned in or about October 2020 that Victim-2 was also of interest to prosecutors in EDNY. That same month, in consultation with the White Plains supervisor and AUSA, the Rye Squad elected to transfer the entire investigation of Victim-2 to EDNY. From October 2020 onward, the Rye Squad conducted the investigation of Victim-2 entirely with EDNY without any involvement from the White Plains supervisor or AUSA.

The supervisor and AUSA in White Plains never received returns from the subpoenas the supervisor issued in the early stage of the Rye Squad's investigation, and the returns were, to their understanding, sent directly to the Rye Squad's agents. The supervisor and AUSA in White Plains discontinued their involvement after transferring the investigation to EDNY and, as noted above, never had any involvement whatsoever in the investigation and prosecution of the defendant with the SDNY Prosecution Team. Years later, the EDNY investigation led to charges against Victim-2.

As noted above, the undersigned AUSAs and their supervisors were not aware of these facts when the Government filed its letter opposing the defendant's discovery motion, and would have included this information in the letter had the SDNY Prosecution Team or their supervisors known it. For that reason, the Government is promptly disclosing this information to the Court and the defense.

But the facts just described do not affect the analysis that led the Court to deny the defendant's discovery motion. It is still the case, as the Government argued originally, that the prosecutors and agents investigating the defendant in this matter (*i.e.*, the SDNY Prosecution Team), had no involvement in the investigation of Victim-2. And it is likewise still true that the prosecutors and agents who investigated Victim-2 had no involvement in the investigation and prosecution of the defendant. The fact that a supervisor from a different division of the U.S. Attorney's Office in SDNY issued subpoenas in the early days of the investigation of Victim-2 before transferring the investigation to EDNY does not change those facts, or their legal import. (*See, e.g.*, Dkt. 118 at 2 (discussing *United States v. Volpe*, 42 F. Supp. 2d 204, 221 (E.D.N.Y. 1999), which held that Rule 16 did not necessarily require disclosure of material in the possession of different prosecution teams within the *same* United States Attorney's Office)). Indeed, because there was no overlap within this Office with respect to the prosecutors from the Manhattan office assigned to the investigation of the defendant and the prosecutors from the White Plains office

who were initially—and minimally—involved in the investigation of Victim-2, the SDNY Prosecution Team and their supervisors were unaware of the brief involvement of the White Plains Division in the initial investigation of Victim-2 until earlier today.

The Government is nevertheless providing this information to the Court and the defense because the SDNY Prosecution Team would have included this information in its initial opposition to the defense motion had its members or their supervisors been aware of it at that time. The Government remains available to provide any additional information that would be of assistance to the Court.

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS  
                                        United States Attorney

By: /s/  
       Jessica Greenwood  
       Jane Kim  
       Derek Wikstrom  
       Assistant United States Attorneys  
       Tel.: (212) 637-1090 / 2038 / 1085